IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ALBERT HALL, Register No. 1041356,   )
                                      )
                    Plaintiff,        )
                                      )
            v.                        )   No. 07-4074-CV-C-NKL
                                      )
DAVE DORMIRE, et al.,                 )
                                      )
                    Defendants.       )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Albert Hall, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Before the court is defendant Dave Dormire's amended motion to dismiss or, in the alternative, for judgment on the pleadings, seeking judgment on plaintiff's amended complaint for equitable relief against defendant Dormire, Superintendent of Jefferson City Correctional Center. Plaintiff has filed suggestions in opposition and defendant has filed his reply.

Plaintiff's amended complaint alleges he is a protective custody inmate at the Jefferson City Correctional Center (hereinafter "JCCC"), and that at the new JCCC facility, protective custody inmates are housed in administrative/disciplinary segregation housing units and submit to the same restrictions as administrative/disciplinary segregation inmates. Plaintiff alleges he is confined to his cell 23 hours a day and is denied educational and rehabilitation programs, a job, outside recreation and fresh air, and is forced to choose among attending Christian worship services, indoor recreation and the law library. Plaintiff alleges that these conditions violate his constitutional rights which protect his religious freedom, equal protection, and due process rights, and protect him from cruel and unusual punishment under the First, Eighth, and Fourteenth Amendments.

Defendant seeks dismissal of plaintiff's claims, arguing entitlement to qualified immunity and plaintiff's failure to state a claim.

**Standard for Judgment on the Pleadings**

At this stage in the proceedings, the standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss. The distinction between a motion to dismiss and a motion for judgment on the pleadings is merely a procedural issue;[1] thus, a Rule 12(c) motion for judgment on the pleadings is reviewed under the standard that governs Rule 12(b)(6) motions. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing St. Paul Ramsey County Med. Ctr. v. Pennington County, 857 F.2d 1185, 1187 (8th Cir. 1988)).

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

**Respondeat Superior**

A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

Although respondeat superior is clearly not actionable under 42 U.S.C. § 1983, Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990), plaintiff's allegations in the instant case are not barred by respondeat superior. Plaintiff is challenging the policies and procedures at JCCC for administrative segregation inmates, for which defendant Dormire, Superintendent of JCCC, is charged with approving and/or implementing. A supervisory official may be liable if he created

---

[1]Technically, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) cannot be filed after an answer has been submitted.

2

a policy or custom under which the unconstitutional practice occurred.  Williams v. Smith, 781 F.2d 319 323-24 (2nd Cir. 1986).

**Fourteenth Amendment Equal Protection and Due Process Claims**

Plaintiff's allegations that his housing assignment in administrative segregation and the corresponding denial of educational and rehabilitative programs, and jobs violate his rights under the Equal Protection and the Due Process Clauses of the Constitution, fail to state a claim.

First, plaintiff's allegations that prison policy and procedure were not followed in his assignment to an administrative segregation unit, rather than a protective custody housing unit, fail to identify a liberty interest protected by Fourteenth Amendment due process.  Plaintiff has no liberty interest in defendants following prison policy or procedure.  Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements.")).

Second, plaintiff has no liberty interest protected by the Constitution in avoiding transfer to more adverse conditions of confinement.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  An inmate who makes a due process challenge to his confinement "must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2001).  It has been consistently held that assignment to segregation, even without cause, is not itself an atypical significant hardship. Phillips v. Norris, 320 F.3d at 847.  The loss of privileges that accompanies a prisoner's assignment to administrative segregation does not constitute an atypical and significant hardship. Id.

Third, plaintiff has no liberty interest in educational, vocational, or rehabilitative programs, or a job; therefore, his allegation that such denials violate his constitutional rights fails to state a claim of denial of due process.  Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (no constitutional right to educational or vocational programs while incarcerated); Stewart v. Davies, 954 F.2d 515 (8th Cir. 1992) (no liberty interest in rehabilitation programs); Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002) (no liberty interest in prison job), Robinson v. Cavanaugh, 20 F.3d 892, 894 (8th Cir. 1994) (prisoners do not have a constitutional right to receive wages while in prison).

Finally, to succeed on his equal protection claim, plaintiff must show he is treated differently than a similarly situated class of inmates, that the treatment burdens one of his fundamental rights and that the different treatment bears no rational relation to any legitimate penal interest. Murphy v. Missouri Dep't of Corrections, 372 F.3d 979, 984 (8th Cir. 2004). Despite plaintiff's assertions, he is not similarly situated to general population inmates; rather, he is a protective custody inmate requiring extra security measures. See French v. Owens, 777 F.2d 1250, 1256 (7th Cir. 1985) (prisoners selecting placement in the protective custody unit of the prison to avoid perceived dangers to themselves are logically subject to significant restrictions based on extra security measures). Therefore, plaintiff has no claim of equal protection under the Fourteenth Amendment.

### Eighth Amendment Cruel and Unusual Punishment Claims

To state a claim of cruel and unusual punishment under the Eighth Amendment, plaintiff must allege that his assignment to the segregation unit is punishment which involves the "unnecessary and wanton infliction of pain" and is "grossly out of proportion to the severity of the crime." Gregg v. Georgia, 428 U.S. 153 (1976). Conditions are not cruel and unusual merely because they are harsh or uncomfortable. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To be cruel and unusual, the plaintiff must be deprived of one or more of the basic necessities of life. Brown v. Nix, 33 F.3d 951 (8th Cir. 1994). Basic necessities of life include adequate food, clothing, shelter and medical care. Farmer v. Brennan, 511 U.S. at 832. The Eighth Circuit has held that the mere fact an inmate is confined in administrative segregation does not suggest he was denied the basic necessities of life. See Williams v. Delo, 49 F.3d 442 (8th Cir. 1995).

Plaintiff's claims challenging his assignment to administrative segregation and resulting claim of denial of privileges, with the exception of his claim of denial of outside recreation time, fail to allege that plaintiff has been denied the basic necessities of life. Therefore, these allegations fail to state a claim under the Eighth Amendment. Plaintiff's claim of denial of any outside recreation and fresh air for more than three years, viewed in the light most favorable to him, however, is sufficient to proceed at this stage in the case. A denial of all outside recreation and fresh air for more than three years may be a denial of a basic necessity of life, in violation of the Eighth Amendment. Given the notice pleading requisites of federal practice, this claim is sufficient to allow it to proceed.

4

## First Amendment Free Exercise Claims

The First Amendment prohibits the Nation and the states from making any law prohibiting the free exercise of religion. Under the Free Exercise Clause, plaintiff must show that the prison has placed a "substantial burden" on his ability to practice his religion. Patel v. United States Bureau of Prisons, ___ F.3d ___, 2008 WL 281912 *4 (8th Cir. 2008) ("Under the Free Exercise Clause, RFRA and RLUIPA, Patel must first raise a material question of fact regarding whether the BOP has placed a 'substantial burden' on his ability to practice his religion.") (citing Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997) (Free Exercise Clause)). In taking plaintiff's allegations in the light most favorable to him, this court finds his claim that if he chooses to attend law library or recreation, he is thereby unable to attend his Christian worship services, is sufficient to proceed at this stage in the case.

## Insufficient Pleading and Qualified immunity

Defendant argues that plaintiff's Second Amended Complaint does not contain specific allegations of fact demonstrating his entitlement to relief, in violation of Fed. R. Civ. P. 8(a)(2). Defendant also argues his entitlement to qualified immunity.

Upon review, this court finds plaintiff's Second Amended Complaint is sufficient under Rule 8(a)(2) to put defendant on notice of plaintiff's claims against him and plaintiff's argument for entitlement to relief.

Further, this court finds there are insufficient facts alleged from which a determination of qualified immunity can be made at this stage in the proceedings. Defendant's motion for dismissal does not specifically address plaintiff's claims alleging he has been denied outside recreation time for three years, or is forced to choose between attending either worship services, the law library, or recreation, all of which are offered only once weekly during the same couple of hours. This court is unable to make the threshold determination necessary for qualified immunity; that being whether or not defendant and the policies and procedures at JCCC regarding outside recreation and scheduling of religious services violate plaintiff's constitutional or statutory rights. See Saucier v. Katz, 533 U.S. 194 (2001).

## Conclusion

Defendant Dormire's motion to dismiss should be denied on plaintiff's Eighth Amendment claims challenging his denial of outside recreation and fresh air for three years, and

5

his First Amendment claims challenging the scheduling of his religious services only at a time which conflicts with law library and indoor recreation time, all of which are offered only once weekly to protective custody inmates.  Defendant Dormire's motion to dismiss should be granted on plaintiff's remaining claims.

Pursuant to the order of September 20, 2007, and defendant's filing of an Amended Motion to Dismiss, defendant's August 2, 2007 motion to dismiss is moot.

Further, although plaintiff's October 26, 2007 filing is titled Plaintiff's Objections to Defendant Dormire's Amended Motion to Dismiss or Alternative Motion for Judgment on the Pleadings, this filing contains only objections to the Amended Motion to Dismiss; therefore, the alternative pleading for judgment on the pleadings is moot.

On October 26, 2007, plaintiff filed a motion for appointment of counsel.  On September 20, 2007, this court denied plaintiff's prior request.  A review of the record does not reveal a significant change in circumstances since that time.  Accordingly, for the reasons previously set forth, plaintiff's motion will be denied.

Defendants filed a motion for extension of time to complete discovery and file dispositive motions and plaintiff has filed objections.  Upon consideration, the extension of time is granted.

In light of the extension of time and the recommendation of this court regarding defendant's motion to dismiss, plaintiff's motion for declarations from other inmates is denied, without prejudice.  Plaintiff may refile this motion if he deems it necessary to support his remaining claims.  Plaintiff is advised to include with any such motion specific names and the specific information sought from the inmate.

IT IS, THEREFORE, ORDERED that plaintiff's motion for declaration from other inmates is denied, without prejudice.  [20]  It is further

ORDERED that the parties are granted until July 1, 2008, to conduct discovery and until August 1, 2008, to file dispositive motions.  [27]  It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice.  [19]  It is further

ORDERED that defendant's August 2, 2007, motion to dismiss, and plaintiff's alternative motion for judgment on the pleadings are moot.  [13, 21]  It is further

6

RECOMMENDED that defendant's amended motion to dismiss or, in the alternative, for judgment on the pleadings be granted, in part, and denied, in part. [17] It is further

RECOMMENDED that defendant's motion be denied as to plaintiff's Eighth Amendment claims challenging his denial of outside recreation and fresh air for three years, and his First Amendment claims challenging the scheduling of his religious services only at a time which conflicts with law library and indoor recreation time, all of which are offered only once weekly to protective custody inmates. It is further

RECOMMENDED that all remaining claims be dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 11th day of February, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge