IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ALBERT HALL, Register No. 1041356, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4074-CV-C-NKL |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

On January 14, 2008, plaintiff filed a motion seeking summary judgment on his claims.[1] Defendant filed a response and plaintiff a reply.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Here, plaintiff's motion for summary judgment has become moot, at least, in part, due the subsequent grant, in part, of defendant's motion to dismiss.[2] In light of the dismissal of a substantial portion of plaintiff's claims, his motion for summary judgment should be denied, without prejudice. Plaintiff may again file a motion for summary judgment on his remaining claims if he deems appropriate. Motions for summary judgment are due by August 1, 2008.

On April 11, 2008, plaintiff filed a motion for an order preventing interference by defendant in plaintiff obtaining declarations from other offenders who, plaintiff states, are also protective custody inmates and who are also being denied outside recreation and being forced to choose among attending religious services, the law library or indoor recreation. Plaintiff appropriately provides specific inmates' names and their inmate numbers for the 37 inmates who he states are willing to provide such declarations in support of his claims.

Upon review, plaintiff's motion will be denied, without prejudice. The court finds no basis for issuing an order at this time, because it is unknown whether defendant disputes plaintiff's factual allegations that he has been denied outside recreation for three years and that his religious services are only scheduled at a time which conflicts with law library and indoor recreation time, all of which are offered only once weekly to protective custody inmates. If defendant disputes such factual allegations in a motion for summary judgment, or otherwise, plaintiff may refile this motion if he determines it necessary to support his claims.

---

[2]On March 18, 2008, an order signed by the Honorable Nanette K. Laughrey granted, in part, and denied, in part, defendant's amended motion to dismiss or, in the alternative, for judgment on the pleadings. Dismissal was denied as to plaintiff's Eighth Amendment claims challenging his denial of outside recreation and fresh air for three years, and his First Amendment claims challenging the scheduling of his religious services only at a time which conflicts with law library and indoor recreation time, all of which are offered only once weekly to protective custody inmates. Dismissal was granted on all of plaintiff's remaining claims, which were dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.

On July 14, 2008, plaintiff filed a motion for appointment of counsel. This court denied his prior requests on September 20, 2007, and again on February 11, 2008. A review of the record does not reveal a significant change in circumstances since that time.

Accordingly, for the reasons previously set forth,

IT IS ORDERED that plaintiff's July 14, 2008 motion for appointment of counsel is denied, without prejudice. [45] It is further

ORDERED that plaintiff's motion for an order preventing interference by defendant in plaintiff obtaining declarations from other offenders is denied, without prejudice. [37] It is further

RECOMMENDED that plaintiff's January 14, 2008 motion for summary judgment be denied, without prejudice to refiling on his remaining claims. [28]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 22nd day of July, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge