# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ALBERT HALL, Register No. 1041356, )
                                                      Plaintiff, )
                                                                v. ) No. 07-4074-CV-C-NKL
DAVE DORMIRE, )
                                                     Defendant. )

## REPORT, RECOMMENDATION AND ORDER

      Before the court are the parties' motions for summary judgment.[1] Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

      Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

      Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Plaintiff's motion argues that there are two primary claims before the court: (1) Eighth Amendment cruel and unusual punishment claim based on denial of outside recreation and fresh air for more than three years; and (2) First Amendment claim based on being forced to choose among attending the law library, indoor recreation, or Christian worship services held within the same couple of hours. Plaintiff argues there is no genuine issue of material fact as to his claims, and therefore, he should be granted summary judgment.

Defendant's motion argues that (1) there is no dispute of material fact, and defendant is entitled to judgment as a matter of law; and (2) plaintiff failed to exhaust his administrative remedies prior to filing this federal lawsuit, and therefore, his claims must be dismissed.

In light of the mandatory nature of 42 U.S.C. § 1997e, defendant's argument for the grant of summary judgment on exhaustion grounds will be addressed first.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections (MDOC) Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in

2

accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Id.

In his response to defendant's argument of failure to exhaust, plaintiff "concedes" his Eighth Amendment claims are unexhausted.  As to plaintiff's First Amendment claims, defendant argues, with the support of plaintiff's grievance records with the MDOC, that plaintiff failed to exhaust his claims prior to filing suit.  A review of such records show that plaintiff filed an IRR on April 10, 2006, and a Grievance on June 1, 2006.  The grievance records submitted by plaintiff in his October 24, 2008 motion to amend[2] show that he filed a Grievance Appeal on his First Amendment claims on August 7, 2007.

This court takes judicial notice of the exhaustion of the MDOC administrative grievance procedures, which state exhaustion occurs upon the inmate's filing of a grievance appeal. Plaintiff filed this case on March 30, 2007.  Therefore, because plaintiff did not file his grievance appeal until August 7, 2007, more than four months after filing his federal lawsuit, he failed to exhaust his administrative remedies prior to filing this federal lawsuit, as required by 42 U.S.C. § 1997e.

The Supreme Court has specifically found that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).  "If exhaustion was not completed at the time of filing, dismissal is mandatory," Johnson, 340 F.3d at 627, and the district court has no discretion on the issue.  Porter, 534 U.S. at 524.  Therefore, defendant's motion for summary judgment on exhaustion grounds should be granted and plaintiff's claims dismissed, without prejudice.  The parties' further bases argued in support of their motions for summary judgment should be denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiff's October 24, 2008 motion to amend his complaint to include evidence of the grievance appeal he filed on his First Amendment claims is granted.  [63]  It is further

---

[2]Plaintiff's October 24, 2008 motion seeking leave to amend his complaint, to include the grievance appeal he filed on his First Amendment claims is granted.

3

RECOMMENDED that plaintiff's motion for summary judgment be denied, without prejudice. [49]  It is further

RECOMMENDED that defendant's motion for summary judgment on exhaustion grounds be granted, and plaintiff's claims be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e. [61]  It is further

RECOMMENDED that defendant's further arguments in support of summary judgment be denied, without prejudice.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 12th day of February, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge